*//*

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*  -  TORT  -  MOTOR VEHICLE TORT -
CONTRACT  -  EQUITABLE RELIEF  -  OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                                       SUPERIOR COURT
                                                                                 CIVIL ACTION
                                                                                 No.  10-265

.............. Jeremy M. Weiss ................................................................................. , Plaintiff(s)

v.

.............. DHL Express, Inc. .............................................................................. , Defendant(s)

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve upon _____ Paul F. Kelly, Esq. _____ ,

plaintiff's attorney, whose address is 111 Devonshire St., 5th Fl, Boston, MA 02109 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_____ Salem _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

        WITNESS, BARBARA J. ROUSE , Esquire, at Salem, the 1st
        day of   April                         , in the year of our Lord two thousand ten

DATE: 4/6/200
HOUR:
DEPUTY SHERIFF

                                                    *Thomas H. Driscoll Jr.*
                                                                     Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

*(Left margin, rotated text:)* NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____ , 20     , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated:                      , 20     .                    _____

N.B.   TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

       ┌─────────────────────────────────┐
       │                                 │
       │                          , 20   .│
       │                                 │
       └─────────────────────────────────┘

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                    SUPERIOR COURT
                             CIVIL ACTION
                             No.    10-265

Jeremy M. Weiss
                             Plaintiff(s)

                                  v

DHL Express, Inc.
                             Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)



## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

|  |  |
|---|---|
| JEREMY M. WEISS ) | |
| ) | 10-265 |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. |
| ) | |
| DHL EXPRESS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

FEB 4 2010

CLERK

## **COMPLAINT**

### Introduction

1.      This is an action to recover unpaid wages and severance from a former employer under G.L. c. 149, §148, for breach of contract/violation of the covenant of good faith and fair dealing, for breach of contract/detrimental reliance, and for unjust enrichment.

### Compliance With Statutory Requirements

2.      In accordance with the requirements of G.L. c. 149, §150, Plaintiff filed a complaint for non-payment of wages with the Office of the Attorney General of Massachusetts on November 30, 2009.  Plaintiff received a letter authorizing a private right of action on December 14, 2009.

Parties

3.      The plaintiff, Jeremy M. Weiss, is an individual residing at of 27 Dascomb Road, Andover, MA 01810, Essex County, Commonwealth of Massachusetts.

4.      The defendant, DHL Express, Inc., is a foreign corporation with a principal place of business at 1200 South Pine Island Road, Suite 600, Plantation, Florida, 33324, at all times material hereto.  Defendant transacts business within the Commonwealth.

5.      The Defendant maintains a registered agent in the Commonwealth of Massachusetts, named CT Corporation System, which has an address of 155 Federal Street, Suite 700, Boston, MA 02110.

Jurisdiction and Venue

6.      Jurisdiction in the Superior Court is authorized by G.L. c. 212, §3 as there is no reasonable likelihood that Plaintiff will recover less than $25,000.

7.      Venue is appropriate in this Court, pursuant to G.L. c. 223, §1 as Essex is the County in which Plaintiff lives.

Facts

8.      Jeremy M. Weiss ("Weiss") began working for DHL Express in 1996.

9.      In the course of more than 13 years with DHL Express, Weiss excelled in his job and repeatedly advanced upward through positions of greater authority and responsibility at various locations throughout the northeastern United States.

10.      During his years employed by DHL Express, Weiss held the positions of: Sales Representative, District Sales Manager IV, District Sales Manager II, District Sales

Manager I, District Sales Manager, Regional Sales Director and Director of Corporate Accounts.

11.    Weiss sought out and completed significant professional development and training during his employ benefiting both himself and the Company.

12.    Weiss consistently received sterling performance reviews in each of the positions he held at DHL Express, Inc, and also earned numerous awards singling him out for his accomplishments.

13.    On or about December 10, 2007, DHL Express, Inc. notified Weiss that the Company had selected him for participation in a company-wide program called the "Commitment to Success Bonus Plan."

14.    By its express terms, DHL Express, Inc. stated that the purpose of the "Commitment to Success Bonus Plan" was to "enhance the ability of DHL Express (USA), Inc...to attract, retain, motive and reward select key employees and directors of the Company and its affiliates by providing such employees and directors the opportunity to earn bonus compensation based upon continued service and the achievement of performance objectives."

15.    At the time DHL Express, Inc. selected Weiss for the "Commitment to Success Bonus Plan," the Company was in the midst of severe financial turmoil, and had laid off thousands of employees across the country.

16.    Due to the economic distress at DHL Express, Inc., Weiss strongly considered leaving the Company, but, relying on the Company's selection of him for the "Commitment to Success Bonus Plan", opted to remain with the Company.

17.     Weiss acknowledged receipt of his selection, and acceptance of the terms of the "Commitment to Success Bonus Plan" by signing an acknowledgement of receipt on December 20, 2007.

18.     Weiss received a fully executed acknowledgement agreement, on or about January 10, 2008.

19.     In addition to Weiss' own signature, that acknowledgement agreement contained the signatures of DHL Express, Inc. (USA) Chief Executive Officer Hans Hickler and Senior Vice-President for Human Resources Thomas D. Snowberger.

20.     The acknowledged agreement explained the functioning of the "Commitment to Success Bonus Program" as follows: "The total bonus you are eligible to receive is based on two components -- a service-based bonus worth $60,000 and a performance-based bonus worth a maximum of $20,000."

21.     The "Commitment to Success Bonus Program" became effective on January 1, 2008.

22.     Throughout 2008, DHL Express Inc.'s financial difficulties continued to deepen, and thousands more employees were laid off across the country.

23.     On or about October 15, 2008, DHL Express, Inc. modified the terms of the "Commitment to Success Bonus Program," and notified Weiss about the changes by letter.

24.     Among the changes that DHL Express, Inc. made to the Plan were removing the Performance-based aspects of the Plan, and making retention the primary basis for bonus payouts; promising a 25% payout in January 2009, followed by a 75% payout in January 2010; and providing that voluntarily leaving employment with the

Company, or being terminated for "good cause" would render participants ineligible for bonus payouts.

25.     In January 2009, Weiss received the 25% bonus payout promised in the October 15, 2008 modification letter, which totaled approximately $20,000.

26.     On or about April 10, 2009, Weiss handled business dealings with a particular "freight forwarding/co-loader" customer with whom he had dealt intermittently in the past.

27.     In the course of his interacting with this customer, the customer aggressively pushed for cost savings on his account, and claimed knowledge of a DHL employee improperly retaining customers' commissions, a form of kickback.

28.     Weiss was troubled by the customer's allegations about the DHL employee, and alerted his superiors of the customer's allegations.

29.     The Company undertook an investigation into the customer's claims and employed an outside law firm to spearhead the investigation.

30.     The Company and its outside counsel twice interviewed Weiss, once in approximately June 2009 and again in approximately July 2009.

31.     Although it interviewed other people, the Company had no further interviews or exchanges with Weiss concerning the matters under investigation until September 2, 2009, when the Company summarily terminated Weiss from his position.

32.     The stated reason for Weiss' termination included technical violations of certain Tariff Agreements, and the fact that Weiss had, in 2006 and early 2007, indirectly supervised the employee who had been accused of misconduct.

33.     The Company terminated Weiss as of September 2, 2009 without paying the promised $60,000 bonus and also denied him any form of severance pay.

34.     By information and belief, the Company maintained a policy and practice of paying executive-level employees six months of severance pay upon layoff -- a practice the Company avoided by labeling Weiss' departure from employment with DHL Express as a termination for cause.

35.     Weiss personally laid off employees, and explained to them the terms and provisions of the severance package.

36.     According to the express terms of DHL's October 15, 2008 modification of the "Commitment to Success Bonus Program," the remaining 75% bonus payment, equivalent to $60,000, became payable to Weiss on his separation date.

37.     By information and belief, the Company's reasons to terminate Weiss were pre-texts to obscure the true reason: to avoid paying him the remaining 75% bonus payment, equivalent to $60,000, and the six months of severance.

## COUNT I

### NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. C. 149, §148

38.     The allegations of paragraphs 1- 37 are incorporated herein by reference.

39.     The retention bonus was not discretionary.

40.     The Company lacked cause to terminate Weiss' employment.

41.     The Company's failure to pay the $60,000 retention bonus violates G.L. c. 149 §148.

42.     The Company's violation of the Wage Act entitles Weiss to treble damages and attorneys fees.

6

## COUNT II

### CONTRACT - VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43      The allegations of paragraphs 1- 42 are incorporated herein by reference.

44.     Defendant's failure to pay Weiss the promised bonus and severance violates the covenant of good faith and fair dealing inherent in the parties' employment relationship.

## COUNT III

### CONTRACT -- DETRIMENTAL RELIANCE

45.     The allegations of paragraphs 1- 44 are incorporated herein by reference.

46.     At all times material to this cause of action, Weiss performed his duties in a professional, competent fashion.

47.     Defendant's promise of an $80,000 retention bonus was intended to induce Weiss to continue his employment with the company.

48.     Weiss' continued to perform of his duties following the Defendant's promise of a retention bonus in reliance on that promise.

49.     The Company breached a contract by failing to pay Weiss the full retention bonus.

## COUNT IV

### UNJUST ENRICHMENT

50.     The allegations of paragraphs 1-49 are incorporated herein by reference.

51.   Defendant was unjustly enriched by Plaintiff's faithful service during 2009.

52.   Plaintiff conferred a benefit on Defendant by continuing the performance of his duties during a time of deep financial turmoil for Defendant.

53.   Defendant's retention of the bonus and severance pay violates fundamental principles of justice or equity and good conscience.

PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jeremy Weiss respectfully prays for the court's judgment as follows:

A.   Against the defendant, in the amount of the outstanding bonus payment, trebled in accordance with G.L. c149, §150, as well as litigation costs and reasonable attorneys' fees;

B.   Damages equivalent to six months severance pay;

C.   For such other and further relief as the Court deems just and proper.


JEREMY M. WEISS.,

By his attorneys,

Paul F. Kelly, BBO #267000
Louis A. Mandarini BBO #609293
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 742-0208

Dated: February 3, 2010

8

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                          SUPERIOR COURT DEPARTMENT
                                    OF THE TRIAL COURT

| | |
|---|---|
| JEREMY M. WEISS )<br><br>      Plaintiff )<br><br>v. )<br><br>DHL EXPRESS, INC. )<br><br>      Defendant. ) | C.A. No. |

## PLAINTIFF JEREMY M. WEISS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DHL EXPRESS, INC.

Pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure, Plaintiff

Jeremy M. Weiss requests that Defendant DHL Express, Inc. produce the following

documents. In the event that DHL Express, Inc. objects only to part of a request, it is

required to furnish the information requested in the interrogatory that is not included

within his partial objection or objection.

## DEFINITIONS

A.     "Plaintiff" means Jeremy M. Weiss.

B.     "You," "your," or "yourself,"  means the DHL Express, Inc., and any and all of its
       agents, representatives, employees, servants, consultants, contractors,
       subcontractors, investigators, attorneys, and any other persons or entities acting
       or purporting to act on behalf of it.

C.     "Person", "persons," "people", and "individual" means any natural person,
       together with all federal, state, county, municipal and other government units,
       agencies or public bodies, as well as firms, companies, corporations, partnerships,

proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

D.  "Document," "documents," and "writing" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

E.  "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

F.  "Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

G.  "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

H.  "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient t notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the

2

applicable period of time covered by any answer referring to such person and relationship, if any, to the agency.

I.   "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to teach such document:

    1.   The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    2.   The identity or descriptive code number, file number, title or label of such document;

    3.   The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    4.   The names of the person(s) to whom such docum1ent was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

    5.   The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    6.   Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give e description of each such draft, copy or reproduction.

1.   Please furnish a copy of any document identified or referenced in any answer to Plaintiff Jeremy M. Weiss' First Set of Interrogatories.

2.   Please furnish a copy of any document relied upon, consulted or used for formulating answers to Plaintiff Jeremy M. Weiss' First Set of Interrogatories.

3.   Please furnish a copy of any document that you believe constitutes either a complete or partial defense to any of the factual allegations contained in Mr. Weiss' complaint.

4.   To the extent not already furnished in response to one of the foregoing requests, please provide any charts, graphs or other documents depicting lines of authority to Mr. Weiss, including specifically, but not limited to any employees who directly or indirectly reported to Mr. Weiss during the period January 1, 2000 to the date of Mr. Weiss' discharge.

5.   To the extent not already furnished in response to one of the foregoing requests, please provide any charts, graphs or other documents depicting lines of authority above Mr. Weiss, including specifically, but not limited to any employees whom

Mr. Weiss directly or indirectly reported to during the period January 1, 2000 to the date of Mr. Weiss' discharge.

6.    To the extent not already furnished in response to one of the foregoing requests, any notes, transcripts, minutes or other compendia of documents related to the investigation that culminated in Mr. Weiss' discharge.

7.    To the extent not already furnished in response to one of the foregoing requests, any guides, memoranda, policies, procedures, handbooks or documents employed by the Company for the purpose of instructing employees on Tariff Agreements.

8.    To the extent not already furnished in response to one of the foregoing requests, any guides, memoranda, policies, procedures, handbooks or documents employed by the Company for the purpose of instructing employees on customer commissions.

9.    Any e-mails or written documents that refer in any way to Mr. Weiss between or among DHL employees who possessed supervisory authority over Mr. Weiss during the period January 1, 2000 to the date of Mr. Weiss' discharge.

10.    Any company policies, procedures, guidelines, memoranda, rules or regulations governing severance agreements for DHL employees leaving the company during the period January 1, 2000 to the date of Mr. Weiss' discharge.

JEREMY M. WEISS

By his attorneys,

*Louis A. Mandarini*

Paul F. Kelly, BBO #267000
Louis A. Mandarini, BBO #669293
**SEGAL ROITMAN, LLP**
111 Devonshire Street, Fifth Floor
Boston, MA 02109
(617) 742-0208

Dated: March 23, 2010

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                SUPERIOR COURT DEPARTMENT
                                          OF THE TRIAL COURT

| | |
|---|---|
| JEREMY M. WEISS )<br><br>Plaintiff )<br><br>v. )<br><br>DHL EXPRESS, INC. )<br><br>Defendant. ) | C.A. No. |

## PLAINTIFF JEREMY M. WEISS' FIRST SET OF INTERROGATORIES TO DEFENDANT DHL EXPRESS, INC.

Pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure, Plaintiff

Jeremy M. Weiss requests that Defendant DHL Express, Inc. answer, in writing and

under oath, the following Interrogatories and that a copy of such answers be served upon

the Plaintiff within forty-five (45) days after the service of these Interrogatories. In the

event that Defendant DHL Express, Inc. objects only to part of an interrogatory, it is

required to furnish the information requested in the interrogatory that is not included

within his partial objection.

## INSTRUCTIONS

A.      Each Interrogatory is to be answered fully on the basis of information that is in
        your possession.

B.      In each of your answers to these Interrogatories, you are requested to
        provide not only such information as is in your possession, but also information as
        is reasonably available. In the event that you are able to provide only part of the
        information called for by any particular Interrogatory, please provide all the

information you are able to provide and state the reason for your inability to provide the remainder.

C.   If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D.   Every Interrogatory herein shall be deemed a continuing interrogatory and information in addition to or in any way inconsistent with your initial answer to such Interrogatory.

E.   If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and paragraph of the investigative file compiled by the Agency and furnished to the Complainant by the Agency in connection with this administrative complaint of discrimination, such references, if adequately identified to inform the Complainant as to your response will serve as a satisfactory response to such Interrogatory.

## DEFINITIONS

A.   "Plaintiff" means Jeremy M. Weiss.

B.   "you"," "your," "yourself," and "Company" mean DHL Express, Inc., and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of it.

C.   "Person", "persons," "people", and "individual" means any natural person, together with all federal, state, county, municipal and other government units, agencies or public bodies, as well as firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

D.   "Document," "documents," and "writing" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way

2

of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

E.   "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

F.   "Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

G.   "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

H.   "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient t notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency.

I.   "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to teach such document:

    1.   The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    2.   The identity or descriptive code number, file number, title or label of such document;

3

3.     The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

4.     The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

5.     The name(s) of the person(s) having present possession, custody, or control of such document(s); and

6.     Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give e description of each such draft, copy or reproduction.

## INTERROGATORIES

1.     Please identify the person or persons responding to these Interrogatories on behalf of the Defendant, and identify each person who has provided information in connection with these Interrogatories.

2.     Please identify all documents which Defendant DHL Express, Inc. claims refute in any way the allegations of Plaintiff's complaint in this action.

3.     Identify all persons whom you know or reasonably believe possess or know discoverable information about the issues and allegations raised in this lawsuit.

4.     Please provide the names of all individuals who had either a direct or an indirect reporting relationship to Mr. Weiss for the period January 1, 2002 through Plaintiff's termination from the Company, and denote whether the reporting relationship was direct or indirect.

5.     Please provide the names of all individuals who served in a supervisory or managerial capacity over Mr. Weiss for the period January 1, 2002 through Plaintiff's termination from the Company.

6.     For all individuals identified in Interrogatory #5, please provide the following further information:

        a.) whether said individual is still in the employ of DHL Express, Inc.; and

        b.) to the extent known, addresses, telephone numbers, forwarding or other contact information for individuals no longer employed by DHL Express, Inc.

4

7.     For all individuals identified in Interrogatory #5, please provide complete details of any conversations or discussions that such personnel had with Weiss relative to rules, regulations, policies, procedures or instructions concerning Tariff Agreements or customer commissions at any time in the course of Mr. Weiss' employment, including the following:

   a.) the date and location of any such conversations;

   b.) the substance of any such conversations or discussions

8.     Please provide the names, addresses and telephone numbers of all persons who participated in conducting any aspect of the investigation that led to Mr. Weiss' termination from DHL Express, Inc.

9.     For all such persons identified in Interrogatory #8, please supply the following further information:

   a.)     Whether the person is an employee of DHL Express, Inc.;

   b.)     If the person is not currently an employee of DHL Express, Inc., whether the person was previously an employee of DHL Express, Inc.;

   c.)     If the person is not or was not a DHL Express, Inc. employee, the name or names of any employer or entity by which the person is employed;

   d.)     The substance of each person's role in the investigation that led to Mr. Weiss' termination

10.    Please provide the names of all persons who were interviewed in connection with the investigation that led to Mr. Weiss' termination from DHL Express, Inc.

11.    Please provide the names of all persons whom DHL Express, Inc. attempted to interview, but were unsuccessful in interviewing in connection with the investigation that led to Mr. Weiss' termination.

12.    For all of those persons identified in Interrogatory #10 and/or Interrogatory #11, please specify the following information:

   a.)     Whether the employee is or was at any time employed by DHL Express, Inc.;

   b.)     If that person is not or was not employed by DHL Express, Inc., the name or names of that individual's employer;

   c.)     That person's address, telephone number, forwarding or other contact information;

5

    d.)    The substance of each individual's interview in the investigation that led to Mr. Weiss' termination;

    e.)    The number of times and the dates each individual was interviewed in connection with the investigation that led to Mr. Weiss' termination;

13.    The names, addresses, telephone numbers or forwarding contact information for any person who interviewed Mr. Weiss in connection with the investigation that culminated in his termination.

14.    For a period of ten (10) years preceding September 2, 2009, the names of any individual terminated or disciplined for violations or infractions related to Tariff Agreements.

15.    For a period of ten (10) years preceding September 2, 2009, the names of any individual terminated or disciplined for violations or infractions related to customer commissions.

16.    The name of any DHL Express, Inc. employee responsible for formulating, revising or publishing any Company policies, procedures, or instructions concerning Tariff Agreements, customer commissions or DHL employee severance agreements.

17.    To the extent that you have set forth any affirmative defenses in your answer to Plaintiff Weiss' complaint, please explain the basis for such affirmative defense.

JEREMY M. WEISS

By his attorneys,

*Louis A. Mandarini*

Paul F. Kelly, BBO #267000
Louis A. Mandarini BBO #669293
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
Dated: March 23, 2010    (617) 742-0208