UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JEREMY M. WEISS,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Civil Action No. 10-10705-NMG
                                    )
DHL EXPRESS, INC.,                  )
                                    )
            Defendant.              )
_____)

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND

November 16, 2011

SOROKIN, M.J.

Pending is the Plaintiff, Jeremy M. Weiss's, Motion to Amend the Complaint (Docket # 19). For the following reasons, I RECOMMEND that the motion be DENIED.

On July 19, 2010, the Parties jointly proposed a schedule for discovery which included a deadline for amendment of the pleadings of July 28, 2010, and completion of discovery (other than expert discovery) by February 1, 2011. Docket # 8. The Court adopted that schedule as its Order. See Electronic Order of July 28, 2010. Neither party sought to extend the schedule, and on February 9, 2011 (after the completion of fact discovery), the Parties reported to the Court that the case remained "on track." See Electronic Clerk's Notes of February 9, 2011. On April 4, 2011 (subsequent to the filing of Defendant DHL's Motion for Summary Judgment on March 15, 2011),[1] Weiss filed a Motion to Amend his Complaint, seeking to add claims pursuant to the

---

[1] The Motion for Summary Judgment is the subject of a separate Report and Recommendation issued this same date.

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.§§ 1132(a)(1)(B). Docket # 20.

Once a Rule 16 scheduling order is in place (as is the case here),[2] then the appropriate standard for analysis of a motion to amend is no longer the liberal "freely given" standard of Rule 15(a), but rather the more demanding "for good cause" standard of Rule 16(b). Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir.2004) (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir.2004)). The Court may extend a scheduling order deadline on a showing of good cause if the deadline cannot reasonably be met despite the diligence of the party seeking the extension. Id. (citing Fed. R. Civ. P. 16(b)). The Rule 16(b) standard places greater scrutiny on the plaintiff's lack of diligence than on prejudice to a party opponent. Steir, 383 F.3d at 12. "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Id. (citing Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52-53 (1st Cir.1998)). Where (as is the case here) the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to demonstrate that the proposed amendments are supported by "substantial and convincing evidence" to justify a belated attempt to amend a complaint. See Steir, 383 F.3d at 12 (citing Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir.1994)).

Weiss has not shown good cause for the late amendment, nor has he attempted to demonstrate that the proposed claims are supported by substantial and convincing evidence

---

[2] A Rule 16 Scheduling Order issued in this case on July 28, 2010. The Parties had jointly proposed on July 19, 2010, that the deadline for amendment of the pleadings be July 28, 2010, a proposal which the Court adopted. All deadlines in the scheduling order have long since run and neither party ever sought to extend any deadlines.

(relying instead in his briefing upon the "freely given" standard of Rule 15). Weiss does argue that the ERISA claims are based upon materials (i.e., DHL's Severance Plan) which were provided to him during discovery. Docket # 21. He asserts, however, that the factual basis of the claims is the same as that supporting the state-law claims for severance damages previously pleaded by him. Docket # 20 at 4. Weiss previously pleaded the existence of the severance plan and his entitlement to same. Docket # 1-1. He has also been aware of the federal remedy since at least April 27, 2010 (almost a year prior to the filing of the motion to amend, and prior to his assenting to an amendment deadline of July 28, 2010), because DHL's Notice of Removal predicated this Court's jurisdiction upon DHL's arguments that the state-law claims for severance were, in fact, preempted by ERISA. See Docket # 1 at ¶ 7.

For the foregoing reasons, I RECOMMEND that the Court DENY Weiss's Motion to Amend (Docket # 19).[3]

                                                                  /s / Leo T. Sorokin
                                                                   Leo T. Sorokin
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[3] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).