UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **JEREMY M. WEISS**    )<br>                                                       )<br>      Plaintiff                                  )<br>                                                       )<br>   v.                                                )       Civil Action No.<br>                                                       )       1:10-cv-10705-NG<br>**DHL EXPRESS, INC.**              )<br>                                                       )<br>      Defendant.                           )  |  |

**PLAINTIFF'S MOTION IN LIMINE
REGARDING INVESTIGATIVE REPORT AND
APPENDICES**

**INTRODUCTION**

This case arises out of the termination of Jeremy Weiss' employment with DHL Express, Inc. on September 2, 2009. Weiss was an at-will employee with no right to continued job security and DHL was free to terminate his employment at any time. This case does not challenge the right of the Company to terminate Weiss' employment. This case challenges the Company's characterization of the termination decision as having been with cause.

DHL was, in late 2007 and early 2008, undergoing massive layoffs. It incented certain employees, including Weiss to stay with the Company by offering an inducement referred to as a Retention Bonus. In Weiss' case the Retention Bonus amounted to $80,000 if he remained with the Company for the 24 months from January 1, 2008 through December 2009. The Company paid 25% ($20,000) in early 2009. The balance ($60,000) was dependent on Weiss' faithful service through the end of 2009. Under the Retention Bonus plan, if he was terminated by the

Company *without* cause prior to the end of 2009 he would receive the entire payment.  If he was terminated *for good cause*, he would not.

Weiss' contract claim also involves a claim for severance.  One of the grounds for removal was the Company's claim that ERISA pre-empted the severance claim. The severance benefit also depends on the resolution of the good cause issue.  The case the jury will hear involves Weiss' claim that his termination was without cause and the Company's contention that it had good cause to fire him.[1]

In support of the Company's contention that it had cause to terminate, the Company has identified a document entitled Report of an Independent Investigation for DHL Express (herein Report).[2]  The Report was apparently generated in response to information that one DHL salesperson was receiving kickbacks from a DHL customer.  An allegedly independent law firm authored the Report.  The report consists of 65 pages of summaries of interviews with current and former DHL employees as well as some third party witnesses.  The Report summarizes the interviews, sets forth factual assertions based on the interviews, and states conclusions concerning behavior of specific individuals including the Plaintiff.

In addition the Company has identified nearly 500 pages of Appendices to the Report. The Appendices include email correspondence, Company records and a variety of other documents referred to in the Report.  The Appendix documents are listed in the Report at pp. *iv-ix*.

---

[1] The case originally included a claim under the Massachusetts Wage Act.  The Court has granted the Company's motion for summary judgment on the Wage Act claim. Even though Weiss' motion to amend to include an ERISA claim for severance was denied, the jury will decide the question of whether Weiss' damages include severance pay. Magistrate's Report at n. 10; Doc. # 35.

[2] The Report was filed with the Court under seal as Doc. #15-6.

In essence, the Company hired a law firm to investigate wrongdoing by one of the Company's highest paid salespersons. In the course of doing so the law firm made conclusions about several employees including Plaintiff. The Report, issued the day *after* Plaintiff was fired, is offered by the Company for the sole and exclusive purpose of justifying its decision to deny Plaintiff earned benefits.[3]

**ARGUMENT**

    **A.**    **THE REPORT IS HEARSAY**

Hearsay is a statement other than one made by the declarant while testifying at trial which is offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). The Report fits the definition of hearsay because it is an out of court statement which is being offered for the truth of the matter asserted. Osterneck v. E.T. Barwick Industries, Inc., 106 F.R.D. 327 (N.D. GA 1984). The Report itself is a communication from a law firm to its client concerning a matter committed to the law firm by the client. As such, the Report is just as much hearsay as a lawyer's letter. U.S. v. Reeder, 170 F.3d 93, 108 (1 Cir. 1999).

    **B.**    **THE REPORT CONTAINS HEARSAY.**

The factual statements elicited during the interviews are hearsay within the meaning of Rule 801. The Report purports to set forth statements attributed interviewee witnesses and then characterizes the statements.

With the sole exception of the Plaintiff, Jeremy Weiss none of the other 24 interviewees will testify at the trial. The balance of the Report contains the investigators recitation of facts of which they have no personal knowledge. Like records of telephone interviews, both the act of

---

[3] Both the $60,000 retention payment and the severance benefit were payable if termination was without cause.

recording the statements and the statements themselves are hearsay. Sabel v. Mead Johnson & Co., 737 F. Supp. 135, 146 (D. Mass. 1990).

### C. THE REPORT IS NOT A BUSINESS RECORD WITHIN THE MEANING OF RULE 803(6).

The Report is not a business record within the meaning of Rule 803(6) because the Report was not made in the course of a regular activity of DHL. The Report was a Company response to an extraordinary event and, insofar as it pertains to Plaintiff, the Report was not made at or near the time of the events to which it refers.

The Rule provides that business records offered to prove the events recorded may be admissible if:

> **(A)** the record was made at or near the time by--or from information transmitted by-- someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> **(E)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.  Fed. R. Evid. 803 (6).

The investigation took place in 2009 after allegations of kickbacks had been reported to the Company. Weiss had been responsible for the salesman's District back in 2007 and it appears that his actions in 2007, particularly warning the salesman not to confuse a customer, have been seized upon as cause for his termination. The 2009 record of Weiss' conduct in 2007 was not made at or near the time of those events. The recollections of the persons interviewed were not collected in the normal course of DHL's business. Moreover, there are no guarantees of trustworthiness as to the accuracy of the recording of the witness statements or the accuracy of the witness' statements. Under these circumstances the Report is not a business record.

**D.    THE REPORT IS OFFERED FOR THE TRUTH OF THE MATTERS ASSERTED.**

The Company should not be heard to protest that the Report is being offered for a purpose other than the truth of its contents.  For example, the Company may suggest that the Report is offered to support the proposition that DHL acted in good faith by conducting an investigation after kickbacks were brought to its attention.  But the fact that the Company hired a law firm to conduct an investigation is far different from the Report itself or from the statements of non-witnesses contained in it.  In this regard, it is useful to point out the distinction between cause for termination and good faith.  As the Supreme Judicial Court indicated in <u>Gram v. Liberty Mutual</u>, 384 Mass. 659, 670 (1981) there is a distinction between cause for termination and good faith.  Thus even though the employer retains a good faith but mistaken belief that it had cause for termination, a jury may still award an employee compensation clearly tied to past service.  Id.  The obligation of good faith and fair dealing requires "recognition of the agreed worth of such an employee's past service".  Id at 672.  The question becomes whether, in light of Weiss' past service particularly his service between January 1, 2008 and the date of his discharge, the Company had cause to deny him promised payments.  The trial should consist of evidence concerning what Weiss did or failed to do that gave the Company cause to fire him.  The Report is not evidence.  Indeed, the Report issued the day *after* Weiss was fired

**E.  THE APPENDICES TO THE REPORT CONTAIN BOTH HEARSAY AND NON-HEARSAY ITEMS.  THESE SHOULD NOT BE ADMITTED AS A WHOLE.**

Finally, Plaintiff respectfully requests that the Appendices be offered one at a time as some are admissible and some are not.  Plaintiff moves in limine to exclude the portions of the Appendices that contain hearsay.

**CONCLUSION**

For the foregoing reasons Plaintiff respectfully requests that the Report be excluded in its entirety and that the various pieces of the Appendix be separately introduced in the normal course of the trial.

Respectfully Submitted,
JEREMY M. WEISS
By his attorney,


/s/ Paul F. Kelly_____
Paul F. Kelly, BBO #267000
Louis A. Mandarini, BBO #669293
**SEGAL ROITMAN, LLP**
111 Devonshire Street, Fifth Floor
Boston, MA  02109
(617) 603-1412

Dated:  January 3, 2012

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 3, 2012.

/s/ Paul F. Kelly