## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEREMY M. WEISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:10-CV-10705-NG |
| | ) | |
| DHL EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
### SUPPORT OF ADMISSIBILITY OF INVESTIGATIVE REPORT

Pursuant to the Court's request on January 17, 2012, Defendant DHL Express, Inc. ("DHL" or "Defendant"), by and through its attorneys, Seyfarth Shaw LLP, respectfully submits its Supplemental Memorandum In Support of Admissibility of Investigative Report.  DHL relied on findings, not the Investigation Report, to make a decision to terminate Plaintiff's employment.

The Investigative Report prepared by Thompson & Wigdor LLP ("TW")[1] is not hearsay because it will not be used to establish the truth of any statements contained therein (and even if it is considered to be hearsay, it falls under the business records exception to the hearsay rule). Given that the critical issue in this case is whether DHL's decision to terminate the Plaintiff was "reasonably related, *in [DHL's] honest judgment*, to the needs of [its] business," *York v. Zurich Scudder Investments, Inc.*, 849 N.E. 2d 892, 899 (Mass. App. Ct. 2006) (emphasis added), the information that DHL relied upon in making this decision -- the Investigative Report -- must be presented to the jury so that it can properly determine DHL's state of mind and whether it acted without good cause.

---

[1]  At the time it was retained by DHL, the law firm was known as Thompson Wigdor & Gilly, LLP.

## ARGUMENT[2]

**A.      The Investigative Report is Not Hearsay Because It Is Being Used For A Well-Established Non-Hearsay Purpose -- To Establish DHL's State Of Mind When it Terminated Plaintiff.**

The Investigative Report is not being offered to prove the truth of any statements contained therein.  DHL relied upon the findings and conclusions in the Investigative Report in making its decision to terminate Plaintiff.  DHL's reliance on the Investigative Report thus establishes its state of mind and that its termination of the Plaintiff was *not* "without good cause."

The Investigative Report is similar to two documents that the Massachusetts Supreme Judicial Court deemed admissible as non-hearsay in *Pardo v. The General Hospital Corp.*, 446 Mass. 1 (2006).  There, a former employee claimed that he was terminated by a hospital because of his sexual orientation.  In making its decision to terminate the employee, the hospital relied on a memorandum and a letter that discussed numerous concerns about the employee's performance.

In allowing the documents into the record the SJC explained:

> **Both [documents] were themselves properly admitted to show notice and knowledge on the part of [the decision-maker].  The documents and the related testimony also pertained directly to the hospital's lawful, non-discriminatory reasons for its employment decisions concerning the plaintiff.  Under the state of mind exception, both documents and the testimony concerning them were properly admitted to explain why [the decision-maker] took the actions he did concerning the plaintiff.  All of the challenged evidence was relevant to [the decision-maker's] state of mind insofar as it served as a basis for the adverse action he took against the plaintiff.  The judge's two limiting instructions, one given when requested, ensured that the jury would not find that the underlying criticism … was necessarily true.  There was no abuse of discretion.**

---

[2]  DHL relies upon and incorporates herein by reference the reasoning set forth in its Memorandum in Opposition to Plaintiff's Motion *in Limine*, Docket No. 56, including, for example that Plaintiff and this Court affirmatively have relied upon this very evidence in connection with Summary Judgment proceedings and rulings.

446 Mass. at 18-19 (citations omitted).

Similarly, DHL seeks to introduce the Investigative Report only for the purpose of establishing notice and knowledge of the findings and report and for establishing its "state of mind insofar as [the report] served as a basis for the adverse action" taken against Plaintiff. *Id.* Thus, the Investigative Report is highly probative of DHL's state of mind and should be admitted. *See, e.g., Fester v. Farmer Bros. Co.*, 49 Fed. Appx. 785, 789 (10th Cir. 2002) (finding that district court abused its discretion in excluding investigative report; investigative report not hearsay "because it was being offered to establish [defendant's] state of mind in making the decision to discharge [the plaintiff] and was not offered for the truth of the matter asserted"); *Parra v. Four Seasons Hotel*, 605 F. Supp. 2d 314, 329 (D. Mass. 2009) (testimony of hotel management served a non-hearsay purpose of establishing what the hotel believed at the time, not whether the information relied upon was accurate); *Gray v. City of New York*, 2011 WL 6153635, *16 (E.D.N.Y. 2011) (evidence of student complaints about plaintiff admissible for the non-hearsay purpose of establishing that the defendant, who relied on the statements, legitimately believed that the plaintiff had acted improperly); *Vahos v. Gen. Motors Corp.*, 2008 WL 2439643, *4 (E.D.N.Y. 2008) (investigative report not hearsay because it was admitted to prove that the defendant's decision-makers who were involved in the plaintiff's discharge legitimately believed he had acted inappropriately); *Stevens v. Water District One of Johnson Cty.*, 561 F. Supp. 2d 1224, 1233 (D. Kan. 2008) (investigative report prepared by outside law firm and offered at summary judgment not hearsay because it was not offered to prove the truth of the matter asserted).[3]

---

[3]  To the extent that Plaintiff has concerns about specific portions of the Investigative Report, DHL is willing to consider redacting portions of the report.  To date, Plaintiff has only asserted a wholesale objection to the entirety of the report (while at the same time cherry-picking certain appendices to the report that he seeks to use at trial).

B.    **The Investigative Report Is Also Admissible As A Business Record Pursuant To FED. R. EVID. 803(6).**

The Investigative Report is also admissible as a business record of TW, the law firm retained by DHL to conduct the investigation.[4]  Under the business record exception to the Hearsay rule, a document that otherwise might constitute hearsay is admissible where: (a) it was made at or near the time by someone with knowledge; (b) was kept in the course of TW's regular business activities; (c) making the record was a regular practice of that activity; (d) these conditions are shown by the testimony of a qualified witness; and (e) neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness. FED. R. EVID. 803(6).

Defendant intends to call Kenneth Thompson, one of the authors of the Investigative Report, as a witness, and Mr. Thompson will introduce and authenticate the Investigative Report (and will be subject to cross-examination).  He will establish that the Investigative Report is a business record of TW.  Thus, all of the elements of Rule 803(6) support the admissibility of the Investigative Report as a business record.  Mr. Thompson, an independent attorney, conducted the investigation and prepared the Investigative Report based upon his interviews with numerous witnesses and review of hundreds of pages of documents; Mr. Thompson and his firm regularly conducts investigations of this type for their clients and maintains records of such investigations; and there is nothing to suggest that the investigation conducted by Mr. Thompson and his firm,

---

[4]  As set forth in its Memorandum, Docket No. 56, the Investigative Report is also a business record of DHL. *See Crimm v. Missouri Pacific RR Co.*, 750 F.2d 703, 709 (5th Cir. 1984) (investigative report regarding allegations of sexual harassment admissible as a business record where the employer had a policy regarding investigations); *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1046 (9th Cir. 1999) (investigative report prepared by company's insurer admissible as a business record).  That DHL delegated the investigation and the preparation of the Investigative Report to outside counsel does not alter the underlying fact that the Investigative Report was prepared in the regular course of business and may be a business record under Rule 803.  *Osterneck v. E.T. Barwick Indust., Inc.* 106 F.R.D. 327 (N.D. GA 1984) (portions of reports and summaries prepared by outside entity may be considered a Rule 803 business record where entity was under a business duty to prepare accurate report).

or the information on which they relied, lacks trustworthiness.  In these circumstances, the

Investigative Report should be admitted as a business record.  *Sana v. Hawaiian Cruises, Ltd.*,

181 F.3d 1041, 1046 (9th Cir. 1999) (investigative report prepared by company's insurer

admissible as a business record).

      **C.**      **Any Potential Prejudice To Plaintiff If The Investigative Report Is Admitted Is Far Outweighed By Prejudice To DHL If The Investigative Report Is Excluded, And Can Be Avoided By A Limiting Instruction.**

      Rule 403 of the Federal Rules of Evidence permits a court to exclude relevant evidence

only where "its probative value is *substantially* outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues…"  FED. R. EVID. 403 (emphasis added);

*Brennan v. GTE Government Systs. Corp.*, 150 F.3d 21, 27 (1st Cir. 1998) ("A judge should not

exclude relevant evidence, unless its probative value is substantially outweighed by the danger of

unfair prejudice.")  The Advisory Committee Notes state, "[i]n reaching a decision whether to

exclude on the grounds of unfair prejudice, consideration should be given to the probable

effectiveness or lack of effectiveness of a limiting instruction."  Courts are not to readily assume

that juries disregard clear directions.  *Clausen v. Sea-3, Inc.*, 21 F.3d 1181, 1191-92 (1st Cir.

1994).  Additionally, the balancing test required by Rule 403 "applies statement by statement,"

meaning that using the rule "as an instrument for the wholesale exclusion of a percipient

witness's testimony would be tantamount to allowing the presider to cut down the entire tree out

of fear that some of the fruit might prove rotten."  *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 115

(1st Cir. 2003).

      Here, the Investigative Report is probative of the single most important issue in this case

-- DHL's reason for terminating Plaintiff.  In similar circumstances, the First Circuit has ruled

that such documents should be admitted.  For example, in *Vazquez-Valentin v. Santiago-Diaz*,

459 F.3d 144 (1st Cir. 2006), a municipality in Puerto Rico demoted the plaintiff based upon

findings set forth in an audit that the plaintiff (and hundreds of other municipal employees) had

been hired illegally in violation of Puerto Rican law regarding personnel decisions.  The demoted

employee sued the municipality, alleging that her demotion was based on her political affiliation.

In defending against plaintiff's claim at trial and in attempting to demonstrate that it acted in

good faith, the municipality sought to introduce the audit as well as other communications

regarding reclassification of municipal employees.  The district court excluded the documents on

the basis that they constituted hearsay and were unfairly prejudicial against plaintiff.

The First Circuit disagreed, finding that the documents were not offered for the truth of

the matter asserted -- that the municipality was required to demote the plaintiff -- but rather for

the non-hearsay purpose of demonstrating the mayor's understanding at that time and his ensuing

state of mind.  *Vazquez-Valentin, supra* at 151-52.  As to any potential unfair prejudice, the First

Circuit said that the district court should have redacted any offending statements, rather than

excluding the documents in their entirety.  *Id.* at 153.  The First Circuit found that the district

court's attempts to summarize the documents "were insufficient to convey the seriousness with

which the Commonwealth had insisted that the defendants remedy the previous administration's

abuses, and the specific measures they urged the defendants to take."  *Id.*  Because the exclusion

of this documentary evidence was not harmless, the First Circuit vacated the jury's verdict.  *See*

*also O'Rourke v. City of Providence*, 235 F.3d 713, 732 (1st Cir. 2001) (finding error in

exclusion of evidence that was necessary to prove a continuing violation in hostile work

environment); *Pardo*, 446 Mass. 18-19 (complaints relied on by hospital admissible with limiting

instruction).

Here, there is a solid evidentiary, non-hearsay basis for the admission of the Investigative

Report, and mere summaries of the information contained therein will be "insufficient to convey

the seriousness" with which DHL relied on TW's investigation. *Vazquez-Valentin, supra* at 153.

DHL respectfully submits that if the Court is concerned about potential confusion by the jury or

prejudice to Plaintiff, the proper and most equitable resolution is for the Court to issue a limiting

instruction to the jury. *See Pardo*, *supra* at 18-19.  In the event this Court determines that a

limiting instruction is warranted, DHL proposes the following instruction: "The Investigative

Report and the appendices thereto are not offered for the truth of any factual findings or

assertions contained therein.  Rather, they are relevant to the issue of whether Defendant

reasonably and in its honest judgment had good cause to terminate Plaintiff."

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court deny

Plaintiff's Motion *in Limine*, order that the Investigative Report is admissible at trial, and grant

Defendant all other relief the Court deems just and proper.

<div style="margin-left: 50%">

Respectfully submitted,
DHL EXPRESS, INC.
By its Attorneys,


  /s/ Kristin G. McGurn
Kristin G. McGurn (BBO #559687)
Camille A. Olson, admitted *pro hac vice*
Richard B. Lapp, admitted *pro hac vice*
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts  02210
Telephone: (617) 946-4800
Telecopier: (617) 946-4801

</div>

DATED:  January 20, 2012

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2012, this document was filed through the Court's ECF system and that Plaintiffs' counsel includes registered users designated to receive Notices of Electronic Filings in this matter.

  /s/ Kristin G. McGurn
Kristin G. McGurn

14114194v.1