UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **JEREMY M. WEISS**     )<br>         )<br>    Plaintiff     )<br>         )<br>  v.      )<br>         )<br> **DHL EXPRESS, INC.**    )<br>         )<br>    Defendant.    )<br>         ) | Civil Action No.<br>1:10-cv-10705-WGY |

### **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Respectfully Submitted,
JEREMY M. WEISS
By his attorney,

/s/ Paul F. Kelly\_\_\_\_\_
Paul F. Kelly, BBO #267000
Louis A. Mandarini, BBO #669293
**SEGAL ROITMAN, LLP**
111 Devonshire Street, Fifth Floor
Boston, MA  02109
(617) 603-1412
pkelly@segalroitman.com
Dated:  January 20, 2012

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 1

This is an action for breach of the obligation of good faith and fair dealing, for detrimental reliance and for unjust enrichment. Plaintiff alleges that DHL offered and he accepted the opportunity to earn an additional $80,000 by continuing in DHL's employment for two years from the beginning of 2008 until the end of 2009. He alleges that he relied to his detriment on DHL's promise and that DHL was unjustly enriched when it terminated his employment and withheld the promised Bonus. The terms of the bonus program were spelled out in the Commitment to Success Bonus Plan. Neither party disputes that they entered into such an agreement in December 2007.

AUTHORITY  Pleadings

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 2

In this case the agreement between the parties was in writing.  Exhibit 5 contains the signed agreement of the parties and Exhibit 10 is the Bonus Plan itself.  The evidence is also clear that the Company changed the Bonus Plan in October 2008 so that the Bonus was no longer tied to DHL's performance but to Weiss' continued commitment to the Company. Neither party disputes this change.  Exhibit 6 documents that change and provides that if Jeremy Weiss is terminated for good cause prior to the payment dates he will not be eligible for the Bonus payout.

 The central issue which you are called upon to resolve is whether the Company had good cause to terminate Jeremy Weiss' employment.

AUTHORITY  Agreed Upon Exhibits

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

The agreement does not make clear what is good cause and what is not good cause. You are responsible for deciding under all the facts and circumstances of this case and in accordance with the law as I give it to you whether the Company did or did not have good cause to terminate Jeremy Weiss' employment.

AUTHORITY       Nadherny v. Roseland Prop. Co., Inc., 390 F.3d 44, 49 (1st Cir. 2004) ("The usual rule, however, is that it is for the jury to construe the contract, under proper instructions, if evidentiary issues have to be resolved, so long as the proper interpretation is fairly debatable").

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

The Bonus Plan document provides that it will be construed and governed in accordance with the laws the state of Florida.    When parties to a contract include choice of law provisions adopting the law of another state, Massachusetts courts honor such choice of law provisions, "[i]n the absence of a conflict with public policy [.]"  Accordingly, I will instruct you on the law of Florida as it applies to the Bonus Plan.

AUTHORITY     Northeast Data Sys., Inc. v. McDonnell Douglas Computer Sys. Co., 986 F.2d 607, 610 (1st Cir.1993), citing Morris v. Watsco, Inc., 433 N.E.2d 886, 888. (Mass.1982).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 5

Under Florida law, when the content of an agreement is ambiguous and the parties present different interpretations, the issue of proper interpretation becomes one of fact for the jury.

AUTHORITY [Langford v. Paravant, Inc., 912 So.2d 359, 360-61 (Fla.App. 5 Dist.,2005)].

## **P**LAINTIFF'S **P**ROPOSED **I**NSTRUCTION **N**O. **6**

Under Florida law, where the language of the contract is ambiguous, its provisions should be construed against the drafter.

AUTHORITY          Langford v. Paravant, Inc., 912 So.2d 359, 361 (Fla.App. 5 Dist.,2005)].

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 7

Although Florida law does not tell us what the phrase good cause means in this contract you are called upon to interpret, the Florida legislature has set forth a requirement that public school teacher contracts include provisions for dismissal during the term of the contract only for "just cause". The Florida legislature has defined the term "just cause" as follows:

Just cause includes, but is not limited to, the following instances, as defined by rule of the State Board of Education: immorality, misconduct in office, incompetency, two consecutive annual performance evaluation ratings of unsatisfactory under s. 1012.34, two annual performance evaluation ratings of unsatisfactory within a 3-year period under s. 1012.34, three consecutive annual performance evaluation ratings of needs improvement or a combination of needs improvement and unsatisfactory under s. 1012.34, gross insubordination, willful neglect of duty, or being convicted or found guilty of, or entering a plea of guilty to, regardless of adjudication of guilt, any crime involving moral turpitude.

AUTHORITY         Fla. Stat. Ann. § 1012.33 (West)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 8

The Florida legislature has also provided the State Board of Education to adopt rules defining "just cause" for public school teachers who are hired after July 1, 2011. For such newly hired teachers, after they have served a one year probationary period, they may be awarded an annual contract with a "just cause" dismissal provision. The legislature has defined that term as follows:

Just cause includes, but is not limited to:

(a) Immorality.
(b) Misconduct in office.
(c) Incompetency.
(d) Gross insubordination.
(e) Willful neglect of duty.
(f) Being convicted or found guilty of, or entering a plea of guilty to, regardless of adjudication of guilt, any crime involving moral turpitude.

The provisions of Florida law do not bind you because good cause in this case is an undefined contractual provision but the provisions of Florida law may guide your deliberations because they set forth the types of conduct that the legislature considers cause for dismissal in a teacher's contract.


AUTHORITY        FL ST § 1012.335

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 9

Plaintiff has asserted a claim for breach of the covenant of good faith and fair dealing. In Massachusetts, parties to contracts and commercial transactions must act in good faith toward one another. Good faith and fair dealing between parties are pervasive requirements in our law; it can be said fairly, that parties to contracts or commercial transactions are bound by this standard.

AUTHORITY        Fortune v. Natl. Cash Register Co., 364 N.E.2d 1251, 1256 (Mass. 1977)

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 10

Jeremy Weiss was an at-will employee of DHL. Under Massachusetts law, in the absence of a specific contract, every employment relationship is "at-will." There is no dispute that was employed "at-will" and did not have a contract promising employment for any particular length of time. In Massachusetts, an employer may terminate an at-will employee at any time without notice for any reason or no reason at all. Although Weiss did not have a right to continued employment with DHL, he may have had a right to the Bonus when DHL terminated him.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 11

I mentioned the obligation of good faith and fair dealing a moment ago.  An employer violates the covenant of good faith and fair dealing when it terminates an at-will employee with a motive or purpose to deprive the employee of compensation earned through past service.  Thus, if you find that the reason DHL terminated Weiss to deprive him of a Bonus he was otherwise entitled to, you must render a verdict for Weiss.

AUTHORITY     Fortune v. Nat'l Cash Register Co., 373 Mass. 96, 100-103 (1977).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 12

Even if you do not find that DHL was motivated by a desire to deprive Weiss of the Bonus you may still find for Weiss if you find that DHL did not have good cause to terminate his employment.   When an employer terminates an at-will employee without good cause the employer violates the implied covenant of good faith and fair dealing if the termination deprives the employee of earned compensation even if the employer did so in the mistaken belief that it had good cause.

AUTHORITY     [Gram v. Liberty Mut. Ins. Co., 384 Mass. 659, 672 (1981).]

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 13

Jeremy Weiss also claims recovery of the Bonus under a theory of Detrimental Reliance. Detrimental reliance on an offer or a promise is a substitute for consideration. Thus, an offer or promise that the offeror should reasonably expect to induce action or forbearance of a substantial character by the other party before acceptance, and that does induce the other party to act or forbear, is enforceable as a contract to the extent necessary to avoid injustice.

When a promise is enforceable because of detrimental reliance, it is a contract, and it is enforceable in the same manner as any other contract.

AUTHORITY          *Loranger Constr. Corp. v. E.F. Hauserman Co.*, 376 Mass. 757, 760–61 (1978) (citing Restatement (Second) of Contracts § 89B(2) & Illus. 6 (Tent. Drafts Nos. 1–7, 1973) and noting that this principle comports with "'traditional contract theory' antedating the modern doctrine of consideration"). *See also Rhode Island Hosp. Trust v. Varadian*, 419 Mass. 841, 848 (1995).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 14

Jeremy Weiss also claims recovery under a theory of unjust enrichment. The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof.

AUTHORITY        Henry M. Butler, Inc. v. Trizec Properties, Inc., 524 So.2d 710, 712 (Fla. 2d DCA 1988) (citing 17 C.J.S. Contracts, § 6 (1955)).
Hercules, Inc. v. Pages, 814 F. Supp. 79, 80 (M.D. Fla. 1993)
Fla. Power Corp. v. City of Winter Park, 887 So.2d 1237, 1242 n. 4 (Fla.2004)
Treco Intern. S.A. v. Kromka, 706 F. Supp. 2d 1283, 1289 (S.D. Fla. 2010)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15**

A claim of unjust enrichment is appropriate "where an agreement is too indefinite to be enforced ... [or] where no contract is made because each of the parties had a materially different understanding of the terms." 1–1 *Corbin on Contracts,* § 1.20(b) (2004). Unjust enrichment provides an equitable stopgap for occasional inadequacies in contractual remedies at law by mandating that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." If you find that DHL was unjustly enriched by Jeremy Weiss' service from January 1, 2008 through September 2, 2009 you should return a verdict for the plaintiff.

 Fox v. F & J Gattozzi Corp*., 41 Mass.App.Ct. 581, 672 N.E.2d 547, 552 (1996) (quoting *Restatement of Restitution* § 1 (1937)).
Massachusetts Eye and Ear Infirmary v. QLT Photothereapeutics, Inc., 412 F.3d 215, 233-34 (1st Cir. 2005)