UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEREMY M. WEISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:10-CV-10705-WGY |
| ) | |
| DHL EXPRESS, INC., ) | |
| ) | |
| Defendant. ) | |

## BENCH MEMORANDUM REGARDING PLAINTIFF'S BURDEN OF PROOF

Defendant DHL Express, Inc. ("Defendant" or "DHL") by and through its attorneys, Seyfarth Shaw LLP, respectfully submits this Bench Memorandum Regarding Burden of Proof.

### Background

In granting in part and denying in part DHL's motion for summary judgment, the Court ruled that Plaintiff Jeremy Weiss ("Plaintiff") could proceed to trial on three claims against DHL: (i) breach of the covenant of good faith and fair dealing (Count II); (ii) detrimental reliance (Count III); and (iii) and unjust enrichment (Count IV).[1]

Before impaneling the jury for this trial on March 12, 2012, the Court ruled that only Counts II and III would be tried. With respect to a dispute between the parties, the Court also ruled that Massachusetts law applied to Plaintiff's claims and that Plaintiff had the burden of proving that DHL acted without good cause when it terminated his employment.

During the Court's pre-charge to the jury, it described the nature of Plaintiff's implied covenant and detrimental reliance claims. With respect to the implied covenant claim, the Court instructed the jury that Plaintiff must prove by a preponderance of the evidence that DHL

---

[1] The Court granted DHL summary judgment on Plaintiff's Wage Act claim.

terminated his employment for the purpose of depriving him of the bonus. Defendant objected to this pre-charge, as it set forth the standard of an implied covenant claim under *Fortune v. National Cash Register Co.*, 373 Mass. 96 (1977). Because this Court had ruled at summary judgment that Plaintiff could not sustain a *Fortune* claim (as there was no evidence that DHL acted in bad faith), DHL requested that the Court describe Plaintiff's burden under the standard set forth *Gram v. Liberty Mut. Ins. Co.,* 384 Mass. 659 (1981). The Court stated that it could be cured when the jury was charged.

After the close of Plaintiff's case and on a motion brought by DHL, the Court dismissed Plaintiff's detrimental reliance claim. The Court also stated that the pleadings would be conformed to the evidence, and the jury would be presented with a breach of contract claim, not implied covenant and detrimental reliance claims. DHL objected.[2] At a sidebar, the Court suggested that the parties could brief the issue of "good cause" as it pertains to the Plaintiff's burden of proof in a breach of contract claim.

**<u>Burden of Proof</u>**

Trial Exhibit 6 is the October 15, 2008 letter adjustment to the Commitment to Success Bonus Plan ("Bonus Plan"). It is on this document and the original Bonus Plan that Plaintiff premises his claim that he is owed the second bonus installment because his termination was without good cause.

Trial Exhibit 6 states, in relevant part: "Although the Commitment to Success Bonus was originally offered as a performance-based incentive, it is not tied to your continued commitment

[2] Permitting a breach of contract claim to go to the jury, rather than the implied covenant claim that Plaintiff has litigated since the commencement of this lawsuit, prejudices DHL in several respects. Because Plaintiff has admitted that the Bonus Plan (as amended) was a retention agreement, Plaintiff should be required to prove that the second installment bonus at issue was intended to be payment for past services.

to the company with performance in good standing"; and "If you voluntarily leave DHL or are terminated for good cause prior to the payment dates, you are not eligible for the Commitment to Success Bonus payout." Thus, in order for Plaintiff to succeed on his breach of contract claim, he must prove that (i) he was in "good standing" at the time of his termination, and (ii) DHL did not have good cause to terminate his employment.

The applicable standard for determining whether "good cause" exists, as that term is used in Trial Exhibit 6, is set forth in *Klein v. President and Fellows of Harvard College*, 25 Mass.App.Ct. 204 (1987):

> **Terms such as "just cause" and like phrases have been construed in similar or analogous contexts as meaning: "[T]here existed (1) a reasonable basis for employer dissatisfaction with a new employee, entertained in good faith, for reasons such as lack of capacity or diligence, failure to conform to usual standards of conduct, or other culpable or inappropriate behavior, or (2) grounds for discharge reasonably related, in the employer's honest business judgment, to the needs of his business. Discharge for a 'just cause' is to be contrasted with discharge on unreasonable grounds or arbitrarily, capriciously or in bad faith."**

*Klein*, *supra* at 208, *citing G&M Employment Serv., Inc. v Commonwealth*, 358 Mass. 430, 435 (1970).[3]

Thus, in order to prove that his discharge was without good cause, Plaintiff must prove by a preponderance of the evidence that DHL did not *believe in its honest business judgment* that the grounds for Plaintiff's discharge were reasonably related to the needs of its business. *Id.*; *see Goldhor v. Hampshire College*, 25 Mass.App.Ct. 716, 722-23 (1988) (rejecting argument that the determination of just cause is an objective question); *Hammond v. T.J. Little & Co.*, 82 F.3d

---

[3] In *Klein*, the agreement at issue stated that the plaintiff was subject to removal wherever "her duties are not satisfactorily discharged." 25 Mass.App.Ct. at 208. The Court construed "not satisfactorily discharged" as "meaning for just, good, or due cause at least, but not more." *Id.* This construction of "not satisfactorily discharged" can be applied by analogy to the "good standing" provision in Trial Exhibit 6.

3

1166 (1st Cir. 1996) (noting that jury instruction for an at-will employee with a stock restriction agreement that contained a "cause" provision was taken from *Goldhor*); *Goldstein v. PFPC Worldwide, Inc.*, No. 02-02145, 2004 Wl 389107 (Mass. Super. Ct. Feb. 19, 2004) (Connolly, J.) (where bonus plan stated employees terminated "for cause" would be ineligible for bonus, at-will employee ineligible because termination on basis that he emailed an inappropriate picture constituted cause).

## Conclusion

For the reasons set forth herein, DHL respectfully requests that the Court rule that the definition of "good cause" found in *Klein* apply to Plaintiff's burden to prove that DHL did not have good cause to terminate his employment.

Respectfully submitted,
DHL EXPRESS, INC.
By its Attorneys,

  /s/ Kristin G. McGurn
Kristin G. McGurn (BBO #559687)
Camille A. Olson, admitted *pro hac vice*
Richard B. Lapp, admitted *pro hac vice*
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts  02210
Telephone: (617) 946-4800

DATED:  March 14, 2012          Telecopier: (617) 946-4801

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2012, this document was filed through the Court's ECF system and that Plaintiffs' counsel includes registered users designated to receive Notices of Electronic Filings in this matter.

  /s/ Kristin G. McGurn
Kristin G. McGurn

---